NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0155n.06
Filed: February 25, 2005

**No. 04-1451**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| PEGGY STRUTZ, MICHAEL STRUTZ, and STEPHANIE STRUTZ, | ) | |
| | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiffs-Appellees,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| OAKLAND COUNTY SHERIFF'S SERGEANT | ) | **O P I N I O N** |
| DOROTHY HALL, OAKLAND COUNTY | ) | |
| SHERIFF'S DEPUTY LONNIE MULLINS, | ) | |
| OAKLAND COUNTY SHERIFF'S DEPUTY KEITH | ) | |
| CHRISTIE, | ) | |
| | ) | |
| **Defendants-Appellants,** | ) | |
| | ) | |
| OAKLAND COUNTY SHERIFF'S DEPARTMENT, | ) | |
| | ) | |
| **Defendant.** | ) | |

**BEFORE: NORRIS AND GIBBONS, Circuit Judges, TODD, District Judge.**[*]

**PER CURIAM.** Defendants, who are officers of the Oakland County, Michigan Sheriff's Department, appeal the district court's denial of their motion for summary judgment based upon qualified immunity.

**I.**

---

[*]The Honorable James D. Todd, Chief District Court Judge for the Western District of Tennessee, sitting by designation.

Detailed facts underlying this appeal can be found in the district court's opinion, *Strutz v. Hall*, 808 F.Supp.2d 767 (E.D. Mich. 2004). Briefly, on the evening of December 31, 2000, the defendant police officers responded to a complaint about a party that might involve teenage drinking. When the officers arrived at the home in question, the owners, Michael and Peggy Strutz, answered the door. The officers requested permission to enter the house to investigate alleged teenage drinking, but the Strutzes refused. Instead, the Strutzes brought their two teenage children to the door to let the officers visually assess their condition. The officers continued to press for admission into the home, however, and a scuffle ensued. After placing the Strutzes under arrest, the officers gave breathalyzer tests to every teenager present, and issued citations to all who registered the presence of alcohol.

Peggy, Michael, and Stephanie Strutz brought this suit on November 7, 2002, against these officers and the Oakland County Sheriff's Department, which is not party to this appeal. In their complaint, plaintiffs alleged several causes of action. Of sole interest to us on appeal, however, are plaintiffs' federal constitutional claims under the Fourth and Fourteenth Amendments, which flow from the warrantless entry into plaintiffs' home.

## II.

Defendants have filed an interlocutory appeal on the district court's denial of qualified immunity. Although non-final orders are typically not appealable pursuant to 28 U.S.C. § 1291, the Supreme Court has carved out an exception with respect to the denial of qualified immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 525-27 (1985) (denial of qualified immunity, like denial of absolute immunity, should be immediately appealable). However, the Supreme Court clarified our

jurisdiction over appeals involving the denial of immunity in *Johnson v. Jones*, 515 U.S. 304 (1995). The Court held that, to the extent the appeal turned on an issue of law, an interlocutory appeal on the question of qualified immunity would lie. On the other hand, if "a defendant simply wants to appeal a district court's determination that the evidence is sufficient to permit a particular finding of fact after trial, it will often prove difficult to find any such 'separate' question—one that is significantly different from the fact-related legal issues that likely underlie the plaintiff's claim on the merits." *Johnson*, 515 U.S. at 314. In short, when a legal determination respecting qualified immunity requires the resolution of a disputed issue of material fact, appellate jurisdiction does not exist under *Mitchell. Id.* at 314-15.

Defendants raise the "community caretaker" standard as a defense to their actions, and for the purposes of this appeal are willing to accept plaintiffs' version of the facts. In order to invoke this defense, the government action in question must be "totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute." *Cady v. Dombrowski*, 413 U.S. 433, 441 (1973). As the district court noted, "[u]nder this record, it must be left to the trier of fact to determine whether Defendants sought only to ensure the welfare of the children [when they administered breath tests], or whether they also sought to achieve law enforcement objectives." *Strutz,* 308 F.Supp.2d at 779.

We conclude that the resolution of this case hinges on a question of fact, not a question of law or a mixed question of law and fact. Under the circumstances of this case, it is irrelevant that defendants concede the plaintiffs' version of the facts because this appeal still turns on the same issue of fact that the district court pointed out.

## **III.**

For the foregoing reasons, the appeal is **dismissed** for lack of jurisdiction.